**INSTITUTE FOR WILDLIFE PROTECTION; Steven G. Herman, Dr., Plaintiffs–Appellants,**

v.

**Gayle NORTON, in her official capacity as Secretary of the Department of the Interior; Steve Williams, in his official capacity as Director of the U.S. Fish and Wildlife Service, an agency of the Department of the Interior, Defendants–Appellees.**

No. 04–36067.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2006.

Filed Oct. 5, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Don Webb, Esq., Institute for Wildlife Protection, Litigation Section, Eugene, OR, Michael C. Subit, Esq., Frank Freed Subit & Thomas, LLP, Seattle, WA, for Plaintiffs–Appellants.

M. Alice Thurston, Esq., John E. Arbab, Esq., DOJ—U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, for Defendants–Appellees.

Before: SCHROEDER, Chief Circuit Judge, KLEINFELD and BEA, Circuit Judges.

## MEMORANDUM *

Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only insofar as necessary to explain our decision.

The Institute for Wildlife (the "Institute") appeals from the district court's dismissal of Claims II and III in its Second Amended Complaint. These claims allege the Secretary of the Interior (the "Secretary") and the Director of the U.S. Fish and Wildlife Service (the "Service") have (Claim II) repeatedly delayed responding to citizen petitions to list new endangered species in violation of the Endangered Species Act ("ESA") and (Claim III) promoted discretionary tasks ahead of their mandatory duty to make timely findings on citizen petitions. The district court dismissed these claims for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1) because they are "programmatic challenges, and thus are not within the Court's jurisdiction to grant relief."

---

We review *de novo* a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(1) of a complaint for lack of subject matter jurisdiction. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003).

Here, the Institute argues the district court erred in dismissing Claims II and III because the Endangered Species Act ("ESA") and the Administrative Procedures Act ("APA") provided the district court with jurisdiction.

*ESA Jurisdiction.*

The ESA allows "any person to commence a civil suit on his own behalf ... to enjoin any person, including the United States ..., *who is alleged to be in violation of any provision* of this chapter or regulation issued under the authority thereof." 16 U.S.C. § 1540(g)(1)(A) (emphasis added) ("subsection A"). In addition, the ESA allows "any person to commence a civil suit on his own behalf .... against the Secretary *where there is alleged a failure* of the Secretary to perform an act or duty under section 1533 of this title which is not discretionary with the Secretary." 16 U.S.C. § 1540(g)(1)(C) (emphasis added) ("subsection C").

*APA Jurisdiction.*

The ESA's citizen-suit provisions do not preclude jurisdiction under the APA; however, a plaintiff must challenge a "final agency action" by the Secretary to establish jurisdiction under the APA. *See Bennett v. Spear*, 520 U.S. 154, 176–77, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).

Our review of the record indicates the district court properly found it lacked jurisdiction under either subsection A or C because Claims II and III do not allege either a violation of an ESA provision or the failure to perform a nondiscretionary act or duty. Likewise, the district court properly found it lacked jurisdiction under the APA because Claims II and III do not challenge a "final agency action" by the Secretary. Accordingly, the district court properly dismissed Claims II and III for lack of subject matter jurisdiction because they are programmatic challenges not within the district court's or our jurisdiction. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 890, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Bennett*, 520 U.S. at 172, 117 S.Ct. 1154.

**AFFIRMED.**